# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **Meoshi Monique Bailey** § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> **Michael Gerber, Lisa Garcia,** § <br> **Texas Workforce Commission,** § <br> **Raul Arturo Gonzalez, Lisa** § <br> **Thorton, Jesus Garza, Bruce** § <br> **Mills, Michael Bullock, Health** § <br> **and Human Services, United** § <br> **States Post Office, and Helio** § <br> **Zapata,** § <br> *Defendants.* § | Case No. 1-24-cv-0612-DII |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Meoshi Monique Bailey's Complaint and Application to Proceed *In Forma Pauperis*. Dkts. 1; 2. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Because Bailey is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

## I.  REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Bailey's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Bailey's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Bailey is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Bailey's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  REVIEW OF THE MERITS OF THE CLAIM

Because Bailey has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court

determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Bailey appears to plead claims under the First and Fourteenth Amendments for substantive and procedural due-process violations and discrimination. Dkt. 1, at 5. She also appears to plead a tort for defamation. *Id*. However, Bailey does not state any facts to support her claims. On her complaint form, she has merely written out her causes of action and various phrases, such as "all parties," "unfair treatment," "failure to take a report," and "defamation," without any narrative account of the facts underlying her claims. *Id*.

Where, as here, a plaintiff's complaint is "insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty, Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992)

(explaining that factually frivolous complaints involve allegations which are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible, whether or not there are judicially noticeable facts available to contradict them") (quoting *Neitzke*, 490 U.S. at 327); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Federal courts lack subject-matter jurisdiction over claims that are "insubstantial, implausible, foreclosed by prior decisions . . ., or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Based on the foregoing, the undersigned finds that Bailey's complaint is frivolous and fails to state a claim on which relief may be granted by this Court. Bailey's complaint should be dismissed.

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Bailey's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Court **DISMISS** Bailey's causes of action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** August 9, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE